IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT KARL MAXWELL, | : | |
| Petitioner | : | |
| v. | : | CIVIL NO. 4:CV-08-1300 |
| | : | (Judge Jones) |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | |

**MEMORANDUM**

**October 14, 2008**

**Background**

Robert Karl Maxwell ("Petitioner" or "Maxwell"), an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg"), initiated this *pro se* petition seeking mandamus relief under 28 U.S.C. § 1361 in the United States District Court for the Western District of Pennsylvania.[1] The Western District subsequently transferred Maxwell's petition to this Court.[2] (*See* Doc. 1-14).

Named as Respondent is the United States of America. Maxwell alleges that while confined at USP-Lewisburg he has been denied "standard medical treatment for rectal bleeding, heel spurs and abdominal pain." (Doc. 1-1, p. 2).

[1] Maxwell was convicted of kidnaping and car jacking in the Western District, his present mandamus petition was filed with the criminal trial court.

[2] Although the Western District also recommended that a Federal Public Defender be appointed to represent Maxwell, Petitioner has not filed a motion seeking appointment of counsel with this Court.

As relief, Petitioner requests that the Federal Bureau of Prisons ("BOP") be compelled to provide him with the medical care he requires.

**Discussion**

According to a response filed by Respondent, Maxwell arrived at USP-Lewisburg on November 18, 2004 to continue service of a three hundred and sixty-five (365) month sentence imposed by the Western District. During the course of his USP-Lewisburg confinement, Petitioner has been seen by the prison's medical staff on numerous occasions for a variety of ailments. Respondent notes that Petitioner was scheduled for an orthopedic consultation relating to his heel pain. (*See* Doc. 1-11, p. 8). In addition, Maxwell was scheduled to undergo a colonoscopy with respect to his complaints of rectal bleeding. (*See id.*) Other treatment provided to Petitioner for his various medical issues included numerous x-rays, arthritis medications, antibiotics, pain medications, blood testing, a hearing test, liver function test, urine testing, an evaluation by an optometrist, and an electrocardiogram. The response further indicates that based upon a review of his institutional medical records, Petitioner had not raised complaints of abdominal pain with the USP-Lewisburg medical staff.

In addition to arguing that jurisdiction only properly existed in the Middle District of Pennsylvania, Respondent contends that Maxwell's claims, to the

extent that he has exhausted his administrative remedies, should be raised via either a *Bivens* civil rights complaint[1] or an action pursuant to the Federal Tort Claims Act ("FTCA").[2] (*See* D oc. 1-11, p. 2). In the present case, Petitioner is not seeking monetary relief, rather he is solely requesting injunctive relief, namely, to be provided with appropriate medical care. Consequently, the FTCA would not be an appropriate vehicle by which Maxwell could obtain the injunctive relief which he seeks herein. However, Maxwell may obtain injunctive relief via a properly filed federal civil rights action. *See generally Ghana v. Holland*, 226 F.3d 175, 184 (3d Cir. 2000) (federal civil rights complaint may contain mixed claims "seeking both damages and injunctive relief").

Though the federal writ of mandamus is technically abolished, the court does have the power to compel a federal officer to perform a duty under 28 U.S.C. § 1361. *Arnold v. BLaST Intermediate Unit 17*, 843 F.2d 122, 125 n.4 (3d Cir. 1988). Statutory mandamus, like its common-law predecessor, is "intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Section 1361 provides in its entirety:

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[2] The FTCA provides a remedy in damages for the simple negligence of employees of the United States to protect federal inmates. *United States v. Muniz*, 374 U.S. 150, 150 (1963).

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361.

A remedy of mandamus is a drastic measure "to be invoked only in extraordinary situations." *Allied Chem. Corp v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980)). The Supreme Court in *Allied* added that a mandamus petitioner has the burden of establishing a clear and indisputable right to relief. *Id.* at 35; *see also Kerr v. United States Dist. Court*, 426 U.S. 394, 403 (1976). In *Kerr*, the Supreme Court noted that in order to receive mandamus relief, the party seeking it must "have no other adequate means to attain the relief he desires." *Id.*

The BOP clearly has a constitutional obligation to provide Maxwell with adequate medical care. However, there is no clear non-discretionary duty placed upon the BOP to provide prisoners with a specific type of treatment. *See Conn v. Bhatti*, 2007 WL 2972578, at *1 (M.D. Pa. Oct. 10, 2007). Based upon Respondent's response, especially the undisputed assertions that Petitioner was scheduled for a colonoscopy and an orthopedic consultation, it would appear that the inmate's rectal bleeding and heel spurs conditions are or have been addressed by the USP-Lewisburg medical staff.

Maxwell has not contradicted Respondent's assertion that his rectal bleeding and heel spurs have been addressed by the USP-Lewisburg medical staff.

There is also no clear indication that Petitioner's medical problems are being ignored or that a specific necessary course of treatment has been withheld. Consequently, Petitioner has failed to establish that the BOP has violated any non-discretionary duty to provide him with medical care.

Based upon Respondent's undisputed response that medical care is being provided for Maxwell's rectal bleeding and heel spurs, Petitioner's action is more properly characterized as challenging the adequacy of the medical care being provided for those conditions. Such claims are properly asserted in a federal civil rights action. Maxwell also has other available avenues of relief, specifically he can seek relief via the BOP's administrative remedy system.[3] Upon fully exhausting his BOP administrative remedies, Maxwell may then raise any assertions of inadequate medical care and requests for injunctive relief via a properly filed civil rights action. It is further noted that upon filing a civil rights complaint in federal district court, Maxwell may seek preliminary injunctive relief to prevent suffering irreparable injury. *See Thorn v. Smith*, 207 Fed. Appx. 240, 241 (M.D. Pa. 2006).[4]

In conclusion, since Maxwell has failed to establish a clear and undisputable right to the requested relief and because he has alternate available

---

3 The BOP has established a multi-tier Administrative Remedy Program whereby a federal prisoner may seek review of any aspect of his imprisonment. *See* 28 C.F.R. §§ 542.10-542.19.

4 Preliminary injunctive relief is extraordinary in nature, and is discretionary with the trial judge. *See S & R Corp. v. Jiffy Lube Int'l, Inc.*, 968 F.2d 371, 374 (3d Cir. 1992).

remedies, his mandamus petition will be dismissed without prejudice to his right to file a proper civil action. *See Weldon v. U.S. Attorney for the Middle District*, 2008 WL 4427199, at *1 (3d Cir. Oct. 2, 2008). An appropriate Order will enter.